**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. 4:26-cr-00027-SDJ-BD-3** |
| | § | |
| **RODERICK DESHON RODDY** | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Roderick Deshon Roddy moved to reopen the question of his pretrial detention and requests release on conditions. Dkt. 90. Although the motion is unopposed, it does not satisfy the standard governing requests to reopen pretrial detention and will therefore be denied.

## BACKGROUND

Roddy was arrested on an indictment alleging violation of 18 U.S.C. § 932(b)(1) and (2) (straw purchasing of firearms). Dkt. 18 at 1. He made his initial appearance before a magistrate judge of the United States District Court for the Northern District of Texas. Dkt. 72 at 2. He elected to have a detention hearing in that district, and based on the evidence presented during the hearing, the court found that he should be detained. *Id.* at 3, 18.

Roddy now seeks to reopen the question of his pretrial detention, asserting that his mother, who is suffering from significant medical issues, and other family members would benefit from his pretrial release and mentioning additional facts that could have been raised (and may have been raised) at his initial detention hearing. Dkt. 90 at 1–3. The motion cites 18 U.S.C. § 3142 and acknowledges the standard that applies to requests to reopen the question of pretrial detention under that provision, but it does not explain how the standard is satisfied based on the motion's assertions. It does not attach any evidence.

## APPLICABLE LAW AND ANALYSIS

The court may reopen the question of pretrial detention if it "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing" on "whether there are conditions of release that will reasonably assure the appearance of such person

as required and the safety of any other person and the community." 18 U.S.C. § 3142(f) (final paragraph). If the movant's evidence is not newly discovered, was not previously unavailable, or is not material, the court should deny the motion to reopen the question of detention. *See United States v. Stanford*, 341 F. App'x 979, 984 (5th Cir. 2009) ("*Stanford I*"); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Neither obtaining new counsel nor thinking of a better argument against detention qualifies as "new information within the meaning of § 3142(f)." *United States v. Cisneros-Monje*, No. 1:20-cr-00159-JLT-SKO, 2022 WL 2757400, at *1 n.1 (E.D. Cal. July 14, 2022). "Courts interpreting . . . § 3142(f) require 'truly changed circumstances, something unexpected, or a significant event,' and [they] have interpreted the requirements of the provision strictly," such that a "defendant cannot re-open detention to present evidence that he could have investigated before the detention hearing." *United States v. Jacob*, No. 21-31, 2023 WL 2867324, at *5 (E.D. La. Apr. 10, 2023) (citations omitted). Section "3142(f)'s 'not known to the movant at the time of the hearing' language [means] not just actual knowledge, but also constructive knowledge, i.e., knowledge that one using reasonable care or diligence should have." *United States v. Munguia*, No. 3:19-cr-191-B (03), 2020 WL 1471741, at *3 (N.D. Tex. Mar. 26, 2020) (quotation marks omitted). The existence of friends or family members willing to testify in support of a defendant's release does not constitute new information within the meaning of the statute, *see, e.g.*, *United States v. Stanford*, 367 F. App'x 507, 510–11 (5th Cir. 2010) ("*Stanford II*"); *Stanford I*, 341 F. App'x at 984; *United States v. Bennett*, No. 94–6590, 1995 WL 25412, at *1 (6th Cir. 1995); *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *Hare*, 873 F.2d at 799, and a party cannot be "less than diligent in bringing forth all material evidence the first time a [detention] hearing is held," *United States v. Flores*, 856 F. Supp. 1400, 1406 (E.D. Cal. 1994). "[C]onclusory allegations that information is newly discovered do not suffice; a party seeking to reopen detention must show how the evidence was discovered and why it was previously unavailable." *United States v. Morris*, 452 F. Supp. 3d 484, 487 (N.D. Tex. 2020) (Ramirez, J.).

As to whether evidence has "material bearing," 18 U.S.C. § 3142(f), the new evidence "must relate in some significant or essential way to the decision whether to detain." *United States v. Worrell*, No. 1:21-cr-00292-RCL, 2021 WL 2366934, at *9 (D.D.C. June 9, 2021) (emphasis removed) (citing *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003)). "[T]he purpose of [18 U.S.C. § 3142(f)] . . . is to allow parties to present unknown information that increases the chances the defendant appears for [his or her] criminal hearing[] or decrease[s] the danger the defendant poses to an individual or the community as a whole." *United States v. Martin*, No. 13-00466 JSW (KAW), 2015 WL 1738362, at *2 (N.D. Cal. Apr. 13, 2015). For that reason, a successful motion to reopen the question of detention must show that the new or previously unknown evidence on which the motion is based establishes that the movant is "less likely to be a flight risk or a danger to any person or the community." *United States v. James*, No. 23-50044, 2023 WL 3300973, at *1 (5th Cir. May 8, 2023).

Roddy has not made the required showing. The only apparently new development his motion mentions is his mother's health condition, but the motion does not state when that condition arose. Nor does it meet the stringent standards described in the cases cited in this order. And although the motion states several other bases that would support an argument for pretrial release, it does not suggest that those bases were not and could not have been advanced at Roddy's detention hearing in the Northern District of Texas.

## CONCLUSION

It is **ORDERED** that Roddy's motion to reopen the question of pretrial detention, Dkt. 90, is **DENIED**.

So **ORDERED** and **SIGNED** this 2nd day of November, 2026.

Bill Davis
United States Magistrate Judge